IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CAPITAL ONE FINANCIAL CORPORATION,

    Plaintiff,

v.

CAPITAL ONE GROUP, LLC, and
ERIC WILLNER

    Defendants.

**JURY TRIAL DEMANDED**
Case No. _____

**COMPLAINT FOR TRADEMARK COUNTERFEITING,
TRADEMARK INFRINGEMENT, TRADEMARK DILUTION,
CYBERSQUATTING, AND UNFAIR COMPETITION**

Plaintiff Capital One Financial Corporation ("Capital One"), by its undersigned attorneys, alleges as follows, upon actual knowledge with respect to itself and its own acts, and upon information and belief as to all other matters:

**NATURE OF THE ACTION**

1. This is an action for trademark counterfeiting, trademark infringement, trademark dilution, unfair competition, and cybersquatting under the Lanham Act, 15 U.S.C. § 1051, *et seq.* and/or Florida statutory and common law. Capital One seeks equitable and monetary relief from Defendants Capital One Group, LLC and Eric Willner (individually and collectively "Defendants") for their knowing violation of Capital One's longstanding rights in its widely recognized and famous CAPITAL ONE trademark and CapitalOne® logo ("the CAPITAL ONE logo"). Defendants have been offering for sale, selling, and promoting real estate and real estate financing services under the name and mark CAPITAL ONE GROUP and under an identical copy of Capital One's corporate logo that are likely to cause confusion as to the source

42181451;1

or sponsorship of Defendants and their services, activities, and promotions, and/or are likely to dilute the distinctive value of Capital One's famous mark and logo.

## THE PARTIES

2. Capital One is a Delaware corporation with a place of business at 1680 Capital One Drive, McLean, Virginia 22102.

3. Defendant Capital One Group, LLC is a Florida company with a place of business at 21 Seneca Road, Fort Lauderdale, Florida 33308.

4. Defendant Eric Willner is an individual with an address at 21 Seneca Road, Fort Lauderdale, Florida 33308.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b). This Court also has diversity jurisdiction under 28 U.S.C. § 1332 because Capital One and Defendants reside in different states—namely Virginia and Florida, respectively—and the amount in controversy exceeds $75,000.00 exclusive of interest and costs. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Capital One's state law claims because those claims are substantially related to Capital One's federal Lanham Act claims.

6. This Court has personal jurisdiction over Defendants, and venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) and (c), because Capital One is being harmed in this District; Defendants are located in this District; Defendants are conducting business in this District; and Defendants have registered their business as, and are unlawfully using, the CAPITAL ONE GROUP mark and the CAPITAL ONE logo in this District.

## CAPITAL ONE AND ITS FAMOUS CAPITAL ONE TRADEMARK

6.      Capital One is one of the largest and best known financial institutions in the United States.  Capital One is a diversified financial services company whose principal subsidiaries, Capital One Bank (USA), National Association and Capital One, National Association, offer a broad spectrum of financial products and services to consumers, small businesses, and commercial clients.  Capital One is a Fortune 500 company, trades on the New York Stock Exchange, and is included in the S&P 100 index.

7.      Capital One offers a range of financial services in connection with the CAPITAL ONE trademark (as well as other marks comprised of and containing CAPITAL ONE), including credit cards (it is the fourth largest issuer of VISA and MASTERCARD credit cards in the United States) and various banking services, such as real estate financing, namely mortgage lending and refinancing; savings accounts, checking accounts, certificates of deposit, and money market accounts; equity loans, lines of credit, and installment loans; and automobile financing.  As part of Capital One's mortgage services, it provides customers with information on pre-qualification, daily mortgage rates, and mortgage calculators.

8.      Capital One has spent billions of dollars over the years, and spends hundreds of millions of dollars annually, advertising, marketing, and promoting its CAPITAL ONE-branded services through a variety of national media, including television, radio, Internet, direct mail, and print advertisements.  From 2010 to 2016, Capital One spent more than $10 billion advertising and promoting the CAPITAL ONE name and mark, including more than $1.8 billion in 2016 alone.

9.      Capital One also promotes its name and marks through various high-profile sponsorships, including, for example:  (1) a prominent collegiate football bowl, branded the

CAPITAL ONE ORANGE BOWL; (2) the NCAA March Madness basketball tournament; (3) the CAPITAL ONE CUP award for the best collegiate athletics programs in the country; (4) as a Corporate Champion of the NCAA; and (5) the iHeartRadio Jingle Ball concert tour.

10.     The CAPITAL ONE mark and logo have become well-known and famous by virtue of extensive public exposure and the tremendous success of Capital One's products and services.

11.     Capital One has obtained a number of federal trademark registrations comprised of and/or containing CAPITAL ONE, including its corporate logo (shown below):

| Mark | Reg. No. | Services | Reg. Date |
|---|---|---|---|
| **Capital**One | 1,992,626 | Financial services, namely consumer and commercial banking; processing, funding, underwriting and administering annuities; financial card, debit card and credit card services, namely processing, underwriting, issuing, servicing and administering credit cards, chip cards, debit cards, corporate cards, and secured cards; electronic funds transfer provided through automated teller machines; investment consultation, namely financial and investment planning and consulting; consumer and commercial leasing financing; real estate financing, namely mortgage lending, home equity loans, and commercial equity financing. | 8/13/96 |
| CAPITAL ONE | 2,065,992 | Financial services, namely consumer banking, namely secured and unsecured consumer installment lending; real estate financing, namely mortgage lending; and home equity loans. | 5/27/97 |

| | | | |
|---|---|---|---|
| CAPITAL ONE | 2,065,991 | Credit card services, namely processing, underwriting, issuing, servicing and administering credit cards and secured cards. | 5/27/97 |
| CAPITALONE.COM | 2,075,171 | Providing financial information by means of a global communication network. | 7/1/97 |
| CAPITAL ONE | 3,442,400 | Banking and financial services, namely, credit card services; mortgage lending and home equity loans; farm equipment, automobiles and recreational vehicle financing; secured and unsecured installment loans; certificate of deposits, individual retirement accounts, money market, and checking accounts; investment brokerage including stocks, bonds and mutual funds; retirement planning; trust services; and management of mutual funds; Insurance services, namely, brokerage and administration of insurance in the field of life, health, disability, dental, vision, property, and casualty | 6/3/08 |
| CapitalOne | 3,989,909 | Credit card services | 4/5/11 |

Computer printouts of these registrations, taken from the U.S. Patent and Trademark Office's online database, are attached as Exhibit A. Registration Nos. 1,992,626; 2,065,992; 2,065,991; 2,075,171; and 3,442,400 have become incontestable.

12.    Capital One's rights in its CAPITAL ONE mark and logo date back to at least as early as 1994 and long predate Defendants' corporate registration and use of the CAPITAL ONE GROUP mark and name.

5

**DEFENDANTS' WRONGFUL ACTS**

13.     On January 25, 2005, Capital One Group filed Articles of Organization with the Florida Secretary of State's office registering its business under the name "Capital One Group, LLC."

14.     According to the Florida Secretary of State's corporate records, various people have been involved with the Capital One Group business, including Defendant Eric Willner (registered agent and managing member), Elise Willner (managing member), Charles Simon (former managing member), and Barbara Simon (former managing member).  In addition to various annual report filings, the company filed reinstatements in 2012 and 2016.  Printouts of these records from the Florida Secretary of State website are attached as Exhibit B.

15.     Capital One Group uses and holds itself out as CAPITAL ONE GROUP.  Capital One Group's managing member Eric Willner appears to largely control and direct the offering of Defendants' real estate and real estate financing services.

16.     In or around February 2013, Eric Willner registered the domain name capitalonegroup.com with the GoDaddy.com, LLC domain name registrar.  In or around February 2009, Eric Willner registered the domain name automaticlandlord.com with the GoDaddy.com, LLC domain name registrar.  Defendants operate the www.capitalonegroup.com and www.automaticlandlord.com websites in connection with their real estate, property management, and real estate financing services.  As part of Defendants' real estate financing services, they provide customers with information on pre-qualification, daily mortgage rates, and mortgage calculators.

17.     Until at least March 2017, Defendants' www.automaticlandlord.com website prominently displayed the following logo in connection with Defendants' real estate and real estate financing services.



Printouts of the www.automaticlandlord.com website are attached as Exhibit C.  Defendants have since removed the CAPITAL ONE GROUP logo from their website.

18.     Eric Willner's LinkedIn profile, which lists him as the "Owner" of "Capital One Group, LLC," uses Capital One's corporate logo to identify Defendant Capital One Group and its services as follows:

> **Owner**
> Capital One Group, LLC                                                    
> January 2005 – Present (12 years 6 months)
>
> Capital One Group, LLC (COG) is a full-service real estate marketing and management company. Since its inception in 2005, COG has purchased over $40 million in income producing real estate for its investor clients. In addition to locating and purchasing the properties we offer cutting edge financing and free management. COG has no peers, and is featured daily on the radio show "The Real Estate Show" heard each day at 7 a.m. and 6:30 p.m. on AM 740. This radio station is heard in Dade, Broward, Palm Beach, and Martin counties. The show can also be heard worldwide via Internet simulcast at www.wsbrradio.com

A printout of the https://www.linkedin.com/in/ericwillner webpage is attached as Exhibit D.

19.     In November 2015, Capital One sent a letter to the Defendant Capital One Group demanding that it promptly cease any and all use of the CAPITAL ONE mark and name.  Capital One and Eric Willner have exchanged multiple communications regarding a possible resolution to Capital One's objection, but have not been able to resolve the matter, thus necessitating this lawsuit.

### **INJURY TO CAPITAL ONE AND THE PUBLIC**

42181451;1

20.     Defendants' unauthorized uses of the CAPITAL ONE logo and CAPITAL ONE GROUP mark and name are likely to cause confusion, mistake, and deception as to the source or origin of Defendants, their business, and/or their commercial activities with Capital One, its goods and services, and/or its commercial activities.

21.     Defendants' actions described above are likely to dilute the distinctiveness and value of Capital One's famous CAPITAL ONE mark and logo.

22.     Defendants' unauthorized uses of the CAPITAL ONE logo and CAPITAL ONE GROUP mark and name have damaged and irreparably injured and, if permitted to continue, will further damage and irreparably injure Capital One, the CAPITAL ONE mark and logo, Capital One's reputation and goodwill associated with its mark, and the public's interest in being free from confusion, mistake, and deception.

23.     Defendants knew, or should have known, that their unauthorized uses of the CAPITAL ONE logo and CAPITAL ONE GROUP mark and name violate Capital One's rights in the CAPITAL ONE mark and logo.  Defendants have thus acted knowingly, willfully, in reckless disregard of Capital One's rights, and in bad faith.

24.     Capital One has no adequate remedy at law.

## FIRST CLAIM FOR RELIEF
### Federal Trademark Counterfeiting Under
### Sections 32(1)(b), 34(d) of the Lanham Act, 15 U.S.C. §§ 1114(1)(b), 1116(d)

25.     Capital One repeats and realleges each and every allegation set forth in paragraphs 1 through 24 of this Complaint.

26.     Defendants have used and continue to use a counterfeit of Capital One's federally registered CAPITAL ONE mark (Reg. Nos. 1,992,626; 2,065,992; and 3,442,400) in connection

with the sale, offering for sale, and distribution of financial services in violation of Sections 32(1)(b), 34(d) of the Lanham Act, 15 U.S.C. §§ 1114(1)(b), 1116(d).

### SECOND CLAIM FOR RELIEF
### Federal Trademark Infringement Under
### Section 32(a) of the Lanham Act
### 15 U.S.C. § 1114(1)

27. Capital One repeats and realleges each and every allegation set forth in paragraphs 1 through 26 of this Complaint.

28. Without Capital One's consent, Defendants used and continue to use in commerce reproductions, copies, and colorable imitations of Capital One's registered CAPITAL ONE mark and logo in connection with the offering, distribution, and advertising of services, which is likely to cause confusion, or to cause mistake, or to deceive, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

### THIRD CLAIM FOR RELIEF
### Federal Trademark Infringement, False Designation
### of Origin, and Unfair Competition
### Under Section 43(a) of the Lanham Act,
### 15 U.S.C. § 1125(a)

29. Capital One repeats and realleges each and every allegation set forth in paragraphs 1 through 28 of this Complaint.

30. Defendants' actions described above are likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendants, Defendants' services and/or goods, and/or Defendants' commercial activities by or with Capital One, and thus constitute trademark infringement, false designation of origin, passing off, and unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

## FOURTH CLAIM FOR RELIEF
### Trademark Dilution Under
### Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)

31. Capital One repeats and realleges each and every allegation set forth in paragraphs 1 through 30 of this Complaint.

32. Capital One's CAPITAL ONE mark and logo are famous, as that term is used in 15 U.S.C. § 1125(c), and were famous before Defendants' first use of CAPITAL ONE GROUP and the CAPITAL ONE logo based on, among other things, the inherent distinctiveness and federal registration of the CAPITAL ONE mark and logo and the extensive nationwide use, advertising, promotion, and recognition of that mark and logo.

33. Defendants' actions, as described above, are likely to dilute the distinctive quality and harm the reputation of Capital One's famous CAPITAL ONE mark and logo in violation of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c), as amended by the Trademark Dilution Revision Act of 2006.

## FIFTH CLAIM FOR RELIEF
### Cybersquatting Under Section
### 43(d) of the Lanham Act, 15 U.S.C. § 1125(d)

34. Capital One repeats and realleges each and every allegation set forth in Paragraphs 1 through 33 of this Complaint.

35. Defendants caused to be registered, registered, and/or used the capitalonegroup.com domain name with a bad-faith intent to profit from Capital One's CAPITAL ONE mark.

36. Capital One's CAPITAL ONE mark was distinctive at the time Defendants caused to be registered, registered, and/or used the capitalonegroup.com domain name.

37. Capital One's CAPITAL ONE mark was famous at the time Defendants caused to be registered, registered, and/or used the capitalonegroup.com domain name.

38. The capitalonegroup.com domain name is confusingly similar to Capital One's CAPITAL ONE mark.

39. The capitalonegroup.com domain name is dilutive of Capital One's CAPITAL ONE mark.

40. Defendants' actions, as described above, violate Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

### SIXTH CLAIM FOR RELIEF
### Common-Law Trademark Infringement and Unfair Competition

41. Capital One repeats and realleges each and every allegation set forth in Paragraphs 1 through 40 of this Complaint.

42. Defendants' actions, as described above, are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Capital One, or as to the origin, sponsorship, or approval of Defendants, their services, and/or their commercial activities by or with Capital One such that Defendants' acts constitute infringement of Capital One's proprietary rights in its CAPITAL ONE mark and logo, misappropriation of Capital One's goodwill in that mark and logo, and unfair competition under Florida common law.

### SEVENTH CLAIM FOR RELIEF
### Unfair and Deceptive Trade Practices Under
### the Florida Deceptive and Unfair Trade Practices Act

43. Capital One repeats and realleges each and every allegation set forth in Paragraphs 1 through 42 of this Complaint.

44. Defendants' actions, as described above, are likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendants, their services, and/or their commercial activities by or with Capital One, and thus constitute unfair or deceptive acts or practices in violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.204.

## EIGHTH CLAIM FOR RELIEF
### Dilution of the CAPITAL ONE Mark and Logo Under Florida Law

45. Capital One repeats and realleges each and every allegation set forth in Paragraphs 1 through 46 of this Complaint.

46. The CAPITAL ONE mark and logo are widely recognized by the general consuming public in Florida as a designation of source for Capital One's services.

47. Through extensive use and promotion, Capital One's distinctive CAPITAL ONE mark and logo are famous, as defined under Fla. Stat. § 495.151(1), and were famous before Defendants' first use of CAPITAL ONE GROUP and the CAPITAL ONE logo.

48. Defendants' uses of CAPITAL ONE GROUP and the CAPITAL ONE logo are likely to dilute the distinctive quality of the CAPITAL ONE mark and logo, as defined under Fla. Stat. § 495.151.

49. Defendants seek to derive a commercial benefit from the value and goodwill associated with the CAPITAL ONE mark and logo.

50. Defendants' unlawful uses of Capital One's mark and logo are willful and deliberate, with an intent to misappropriate the benefit of Capital One's goodwill.

51. Defendants' conduct violates Fla. Stat. § 495.151.

52. Defendants' violation of the statute has caused and will continue to cause irreparable damage to Capital One, for which Capital One has no adequate remedy at law. Unless enjoined, Defendants will continue their unlawful use of the CAPITAL ONE mark and logo, further injuring Capital One and confusing the public.

## JURY DEMAND

53. Pursuant to Fed. R. Civ. P. 38, Capital One respectfully demands a trial by jury on all issues properly triable by a jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Capital One respectfully requests that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief, including the following:

A. An Order declaring that Defendants' uses of the CAPITAL ONE logo and CAPITAL ONE GROUP mark and name infringe Capital One's CAPITAL ONE mark and logo, constitute counterfeiting of the CAPITAL ONE mark, dilute the CAPITAL ONE mark and logo, and constitute unfair competition, as detailed above;

B. An Order enjoining Defendants, their officers, directors, employees, agents, subsidiaries, distributors, dealers, related companies, and all persons in active concert or participation with any of them:

    1. From using, registering, or seeking to register any name, mark, logo, trade name, company name, source identifier, or designation comprised of or containing the CAPITAL ONE mark and logo (including CAPITAL ONE GROUP and/or CAPITAL ONE GROUP, LLC) or any other confusingly similar name, mark, logo, trade name, company name, source identifier, or designation in

any manner likely to cause confusion with Capital One's CAPITAL ONE mark and logo, or to otherwise injure Capital One and/or its reputation;

2. From representing, by any means whatsoever, directly or indirectly, that Defendants, their services, and/or their activities originate from, are sponsored by, or are associated, affiliated, or connected with Capital One in any way; and

3. From assisting, aiding, abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs B(1) through (2) above.

C. An Order requiring Defendants, and/or the Florida Secretary of State, to cancel Defendants' corporate registration for CAPITAL ONE GROUP, LLC.

D. An Order requiring Defendants to immediately retract and destroy all products, packaging, signage, advertisements, promotional materials, stationary, forms, and/or materials and things that contain or bear the CAPITAL ONE logo, the CAPITAL ONE GROUP mark and name, and/or any other name, mark, trade name, company name, source identifier, or designation that contains or is confusingly similar to or dilutive of Capital One's CAPITAL ONE mark and logo;

E. An Order directing Defendants (and the relevant registrar) to transfer to Capital One the capitalonegroup.com domain name and all other domain names Defendants own or control that contain Capital One's CAPITAL ONE mark, are confusingly similar to Capital One's CAPITAL ONE mark, and/or are dilutive of Capital One's CAPITAL ONE mark;

F. An Order directing that, within thirty (30) days after the entry of the injunction, Defendants file with this Court and serve on Capital One's attorneys a report in writing and

under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

G. An Order requiring Defendants to account for and pay to Capital One all profits arising from Defendants' unlawful acts, and increasing such profits, including trebling them, for payment to Capital One in accordance with 15 U.S.C. § 1117 and other applicable laws;

H. An Order requiring Defendants to pay statutory damages in accordance with 15 U.S.C. § 1117(c) of up to $2,000,000 for each type of service sold, offered for sale, or distributed by Defendants under the CAPITAL ONE mark;

I. An Order requiring Defendants to pay Capital One punitive damages in an amount to be determined due to the foregoing willful acts of Defendants;

J. An Order requiring Defendants to pay statutory damages under 15 U.S.C. § 1117(d), on election by Capital One, in an amount of one hundred thousand dollars ($100,000) for the registration and use of the capitalonegroup.com domain name;

K. An Order requiring Defendants to pay Capital One damages, in an amount to be determined (but exceeding $75,000), resulting from Defendants' unlawful acts, and trebling such damages in accordance with 15 U.S.C. § 1117, Fla. Stat. § 501.211, and other applicable laws;

L. An Order requiring Defendants to pay Capital One's costs and attorneys' fees in this action pursuant to 15 U.S.C. § 1117, Fla. Stat. § 501.2105, and other applicable laws; and

M. Other relief as the Court may deem appropriate.

Dated: June 30, 2017                              Respectfully submitted,

                                                         **AKERMAN LLP**
                                                         350 E. Las Olas Blvd., Suite 1600
                                                         Ft. Lauderdale, Florida  33301
                                                         Phone: (954) 463-2700
                                                         Fax: (954) 463-2224

                                                         By: /s/*Enjoliqué D. Aytch*
                                                             Enjoliqué D. Aytch, Esq., Bar No. 0104881
                                                             enjolique.aytch@akerman.com

                                                         and

**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P.**
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
(202) 408-4000 (phone)
(202) 408-4400 (fax)
Douglas A. Rettew
doug.rettew@finnegan.com
Laura K. Johnson
laura.johnson@finnegan.com
*Attorneys for Plaintiff Capital One Financial Corp.*

16

42181451;1